# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

Real Estate Global Investment Service LLC, a
Nevada Limited Liability Company,

                Plaintiff,

vs.

Karin Ann Lawson,

                Defendant.

Case No. 2:17-cv-02098-JCM-VCF

## REPORT & RECOMMENDATION

Defendant Karin Ann Lawson in a *pro se* capacity removed this case from Nevada state court (case no. A-17-757280-C) where it was pending as an unlawful detainer action against Lawson. Lawson filed a notice of removal on August 2, 2017 (ECF No. 1-1) claiming to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1443(1). Lawson concurrently moves to proceed *in forma pauperis*. (ECF No. 1). Both Lawson's motion to proceed *in forma pauperis* (ECF No. 1) and Notice of Removal (ECF No. 1-1) are presently before the Court. The Court having reviewed the papers, and for the reasons set forth below, RECOMMENDS that this case be REMANDED to Nevada District Court, County of Clark, for lack of subject matter jurisdiction and Lawson's IFP application be DISMISSED as MOOT.

## I. DISCUSSION

A defendant in state court may remove an action to federal court so long as the action could have originally asserted subject matter jurisdiction. *See* 28 U.S.C. § 1441(a).[1] The basic rule is that this Court

---

[1] 28 U.S.C. § 1441(a) states in its entirety as follows: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending

is a Court of limited jurisdiction, and has no authority beyond that specifically granted it by law. The jurisdiction of this Court is never presumed. In fact, the presumption is to the contrary. *See Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 327 (1895); *see also United States v. Green*, 107 F.2d 19, 21 (9th Cir. 1939). The removing defendant has the burden of proving the basis for the federal court's jurisdiction. *See Nishimoto v. Federaman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990); *see also Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006). It is also the duty of the Court to make sure that jurisdiction exists. Removal statutes are strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *see also Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The removing defendant must establish either that (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A defendant may also remove "certain" civil rights actions pursuant to 28 U.S.C. § 1443. To remove an action pursuant to this statute, the removing defendant must (1) "assert as a defense to the [action], rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights" and (2) "assert that the state courts will not enforce that right." *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).

Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the Court. *See* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *Geminiano-Martinez v. Beers*, No. 2:13-cv-01702-MMD, 2013 WL 6844717, at *2 (D. Nev. Dec. 13, 2013) ("The court may *sua sponte* raise the issue of lack of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists … Even where neither party contests subject matter jurisdiction, courts are 'bound to address it *sua sponte* if it is questionable.' " (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)); 5C Charles Alan Wright, Arthur

2

R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 1393 (3d ed. 2017) ("it is now well-settled that a lack of subject matter jurisdiction may be asserted by the federal court itself ....").

In particular, Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3); *see also Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). What is more, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> …
>
> (B) the action …
>
> (ii) fails to state a claim on which relief may be granted ….

*See* 28 U.S.C. § 1915(e)(2). Accordingly, if at any time a district court determines that it lacks subject matter jurisdiction, it must remand the case to state court. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) (a district court may *sua sponte* remand); *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (a district court "must" remand when it lacks subject matter jurisdiction); 5C Wright et al., *supra*, § 1393 ("If Federal jurisdiction is not apparent, the Court not only will, but must, refuse to proceed with the determination of the merits of the controversy, unless this failure can be cured. This is true regardless of what stage the case may be in, and whether the defect is called to the Court's attention by suggestion of the parties, or otherwise ....").

In this case, Lawson argues that the Court has subject matter jurisdiction based on a federal question. The "well-pleaded complaint" rule requires a federal question to be presented on the face of a

complaint at the time of removal for federal question jurisdiction to exist. *See Duncan v. Stuetzel*, 76 F.3d 1480, 1485 (9th Cir. 1996). The removal statue states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). The complaint asserts only state law claims for unlawful detainer and for declaratory relief. The question then, is whether this Court has original jurisdiction over this state unlawful detainer action. It does not. "Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction." *See Wells Fargo Bank N.A. v. Robinson*, No. C 14-03663 LB, 2014 WL 4748471, at *3 (N.D. Cal. Sept. 23, 2014) (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011)); *see also GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

And "[i]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense.' " *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (under the "well-pleaded complaint" rule, a case may not be removed on the basis of a federal defense); *Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002) (existence of a defense based on federal law is insufficient to support jurisdiction). Here, the complaint asserts only state law claims for unlawful detainer and for declaratory relief, and does not present any federal question. Lawson also does not appear to raise a federal defense,[2] and she therefore cites 28 U.S.C. § 1443(1) as a

---

[2] *See* ECF No. 1-2, Ex. B.

4

basis for removal. *See, e.g.*, ECF No. 1-1 at 7 ("Defendant is entitled to remove the above-entitled and numbered cause to the United States District Court, under 28 U.S.C. §1443(1) ….").

28 U.S.C. § 1443(1) permits the removal of certain "civil rights cases." As noted above, a petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioner must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights;" and (2) the "petitioners must assert that the state courts will not enforce that right," with "reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *See Patel*, 446 F.3d at 998-99.

Lawson in essence argues that she will raise a defense to the unlawful detainer action pursuant to her equal rights based *not on race* but on other constitutionally guaranteed rights she claims are protected. *See* ECF No. 1-1 at 2 ("Plaintiff … caused Defendant harm and under title 42 USC 1983 and 1985"), 7, ("plaintiffs discriminatory and retaliatory acts in violation of fair housing and that specifically violate the equal protection of the laws and equal access to the courts and to due process of law granted and secured by 42 U.S.C. §§1981 & 1982."), 9 ("The federal question law is the Federal protection of homeowner discrimination against the poor and in favor of the rich), 13 ("The Nevada Justice Courts of Limited Jurisdiction … operate based on an institutionalized predetermination of the outcome reflect a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts [for the] maintenance of interest in property, which rights are guaranteed by the First, Fifth[,] Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state 'impairment of the obligations of contract.' "), 15 ("The federal question law is the violation of civil rights that has associated Federal Claims of the SEC, securities issues[,] and violations of federal banking laws in alleged property transfers."); *but see* ECF No. 1-1 at 7 ("Defendant has a right to remove on the basis that there is a pervasive state statutory program which both

on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be unfamiliar with legal proceedings and/or illiterate in the English language and therefore ignorant of their rights ….").

U.S. Supreme Court and Ninth Circuit precedent limit removal under § 1443(1) to cases where it is predicated upon *racial* discrimination. *See Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) ("we conclude that the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality."); *see also Patel*, 446 F.3d at 998-99. Because Lawson's brief is not predicated upon *racial* discrimination, Lawson's attempt to remove this matter on the basis of 28 U.S.C. § 1443 necessarily fails. *See Working Dirt LLC v. Raynor*, No. 16-cv-5444 YGR, 2016 WL 6124707, at *2 (N.D. Cal. Oct. 20, 2016) (denying 28 U.S.C. § 1443 removal where the case lacked any racial equity component); *see also Duke Partners II, LLC v. Vonquerner*, No. 5:16-cv-05542-HRL, 2016 WL 6273928, at *2 (N.D. Cal. Oct. 27, 2016) (same); *Baldini Real Estate, Inc. v. Cruz*, No. 15-cv-2932 YGR, 2015 WL 4760510, at *2 (N.D. Cal. Aug. 12, 2015) (same); CIC v. Villa, No. 2:16-cv-08243-OD-WAS, 2016 WL 6808119, at *3 (C.D. Cal. Nov. 17 2016). Lawson has therefore failed to establish that this Court has subject matter jurisdiction on the basis of a federal question, 28 U.S.C. section 1443(1) or otherwise.

ACCORDINGLY,

IT IS RECOMMENDED that this case be REMANDED to the Eighth Judicial District Court for the District of Nevada, County of Clark, for further proceedings.[3]

IT IS ORDERED that Defendant Karin Ann Lawson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED as MOOT.

---

[3] *See Emrich*, 846 F.2d at 1194 n.2; *see also Kelton Arms Condo. Owners Ass'n*, 346 F.3d at 1192.

6

**NOTICE**

Pursuant to Local Rules IB 3-1 and 3-2, any objection to this Order and Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE