UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

REAL ESTATE GLOBAL INVESTMENT SERVICE LLC,

Plaintiff(s),

v.

KARIN ANN LAWSON,

Defendant(s).

Case No. 2:17-CV-2098 JCM (VCF)

ORDER

Presently before the court is Magistrate Judge Ferenbach's report and recommendation (R&R) that this case be remanded to state court for lack of subject matter jurisdiction. (ECF No. 3). The deadline to object to the R&R was August 16, 2017. Several months have gone by since the deadline passed and there is still no objection.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

**James C. Mahan**
**U.S. District Judge**

employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying filings, the court finds that good cause appears to adopt the magistrate judge's findings.

This court lacks subject matter jurisdiction. Lawson invokes federal question jurisdiction, but the only two claims are for unlawful detainer and declaratory relief, neither of which grant this court federal question jurisdiction over this action. *See Wells Fargo Bank N.A. v. Robinson*, No. C 14-03663 LB, 2014 WL 4748471, at *3 (N.D. Cal. Sept. 23, 2014) ("Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal question jurisdiction.") (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011)); *see also GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *see Benson v. State Bd. of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967) (holding that declaratory relief is not an independent basis for federal jurisdiction), *cert. denied*, 391 U.S. 954 (1968); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).

Nor has defendant satisfied the requirements for removal of this action under 28 U.S.C. § 1443(1), which allows for removal in certain civil rights cases. A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioner[] must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and (2) the "petitioner[] must assert that the state courts will not enforce that right," with "reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).

Defendant alleges that "[d]efendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be unfamiliar with legal

- 2 -

proceedings and/or illiterate in the English language and therefore ignorant of their rights . . . ."). (ECF No. 1-1 at 7). In essence, then, defendant has alleged racial discrimination by the state.

However, although defendant alleges that the state court system will not protect defendant's equal protection rights, defendant fails to reference any specific state statute or constitutional provision that purports to command the state courts to ignore defendant's federal rights. *See Patel*, 446 F.3d at 998–99. Defendant's general allegations of a "pervasive state statutory program" that discriminates is fatally nonspecific for the purposes of removal under 28 U.S.C. 1443(1) and, without more specific facts in support of the sweeping allegation, is simply implausible.

Likewise, defendant's charge against the entirety of NRS Chapter 107 (the "Deeds of Trust" chapter), an over-30,000-word chapter of the Nevada Revised Statutes, is simply too broad and implausible. (ECF No. 1-1 at 8).

Therefore, the R&R will be adopted, and the case remanded.

Accordingly,

IT IS HEREBY ORDERED that the R&R (ECF No. 3) is ADOPTED in its recommendation.

IT IS FURTHER ORDERED that this matter is REMANDED to state court.

The clerk shall enter judgment accordingly and close the case.

DATED November 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -